**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**LANA COLE** **PLAINTIFF**

**V.** **CASE NO. 3:26-CV-00020 KGB-JTK**

**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

# RECOMMENDED DISPOSITION

## I. Procedures for filing Objections:

This Recommended Disposition ("Recommendation") has been sent to United States District Chief Judge Kristine Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Chief Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## II. Introduction:

Plaintiff, Lana Cole ("Cole"), filed an application for supplemental security income on September 30, 2022. (Tr. at 21). In the application, she alleged that her disability began on August 28, 2003. *Id.* The application was denied initially and

upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Cole was not disabled. (Tr. at 21-31). The Appeals Council denied Cole's request for review of the decision. (Tr. at 1-5). The ALJ's decision now stands as the final decision of the Commissioner, and Cole has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## III. The Commissioner's Decision:

The ALJ determined that Cole has not engaged in substantial gainful activity since September 30, 2022, the application date.[1] (Tr. at 23). The ALJ found, at Step Two, that Cole has the following severe impairments: attention deficit hyperactivity disorder ("ADHD"), disruptive mood disorder, depression, and insomnia. *Id*.

The ALJ determined that Cole did not have an impairment or combination of

[1] For supplemental security income claims, the relevant time-period begins on the date the application was filed. Cole was 19 years old on the application date. (Tr. at 21-22, 30).

The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

impairments that met or medically equaled a Listed Impairment.[2] (Tr. at 23-25). Next, the ALJ found that Cole had the residual functional capacity ("RFC") to perform work at all exertional levels, with the following limitations: (1) capable of simple, routine, and repetitive tasks with the ability to make simple work-related decisions; and (2) can have occasional interaction with co-workers and supervisors, but no contact with the public. (Tr. at 25).

The ALJ found that Cole has no past relevant work. (Tr. at 30-31). Relying upon testimony from a vocational expert ("VE"), the ALJ found that, considering Cole's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Cole could perform. *Id*. Therefore, the ALJ concluded that Cole was not disabled. *Id*.

## IV. **Discussion**:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable

---

[2] See 20 C.F.R. Part 404, Subpart P Appendix 1: "Adult Listing of Impairments."

mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole, which supports the decision of the ALJ. *Miller*,

784 F.3d at 477.

B. Cole's Arguments on Appeal

Cole contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that: (1) the ALJ erred in how he evaluated Cole's subjective complaints; (2) the RFC did not incorporate all of Cole's credible limitations (and was unsupported because it did not rely on any specific medical opinion); and (3) the ALJ did not properly consider medical opinion evidence.

**1) Subjective Complaints**[3]

The ALJ assessed the record as a whole and found that Cole's subjective complaints were not entirely consistent with the evidence or her own testimony. (Tr. at 26-27). Cole argues that this analysis was insufficient.[4]

The ALJ considered and discussed the nature of Cole's severe impairments,

[3] When evaluating a claimant's subjective complaints, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations omitted).

[4] I have reviewed the entire record and the briefs, and I adopt the ALJ's recitation of Cole's medical history, with clarifications discussed below.

clinical notes, the opinion of her therapist, the nature of her treatment, her positive response to treatment, and her daily activities. (Tr. at 25-28).

Cole suffered from mental disorders that made her life somewhat difficult. *Id*. The record showed she had difficulty interacting in crowds and is easily angered. *Id*. However, she graduated from high school and said she was able to do things like playing video games, shopping, washing dishes, helping with chores, hunting (on one occasion), and reading. (Tr. at 26-28, 50-52).

The ALJ stated that Cole had not required "lengthy" inpatient treatment for her mental illnesses (Tr. at 28); Cole points out that she underwent inpatient psychiatric care in 2021, before the relevant-time period. (Doc. No. 12 at 3-4). While the ALJ could have been more precise by saying that Cole had no inpatient treatment *before* the relevant time-period, I find no error.[5] Determination of benefits focuses on the records within the relevant time-period.

The ALJ correctly stated that Cole had conservative outpatient treatment including therapy and medication management during the relevant time-period. (Tr. at 26-28). He added that medication helped.[6] The ALJ also pointed out that Cole

---

[5] *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (inconsistency in ALJ's decision was harmless error, as case was not close call, and record otherwise contained substantial evidence establishing matter at issue).

[6] Impairments that are controllable or amenable to treatment do not support a finding of

had some normal mental status examinations, with attentive and cooperative demeanor, good insight and judgment, intact memory, and no psychotic symptoms. (Tr. at 27-28). All of these factors suggest that Cole was not as impaired as she alleged. The ALJ properly considered and discussed Cole's subjective complaints.

**2) RFC**[7]

Cole generally alleges that the RFC did not incorporate all of her credible limitations.

At Step Three the ALJ determined that Cole had moderate limitations in understanding, remembering or applying information, moderate limitations in concentration, persistence, or maintaining pace, and moderate limitations in adapting or managing oneself.[8] (Tr. at 23-25). Also, he found that Cole had a marked

---

total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

[7] A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

[8] The Step Three Listings "define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just substantial gainful activity . . . That is, if an adult is not actually working and his impairment matches or is equivalent to a listed impairment, he is presumed unable to work and is awarded benefits without a determination whether he actually can perform his own prior work or other work." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). At Step Three, the burden rests squarely on the claimant to show he meets a Listing. *Carlson v. Astrue*, 604 F.3d 589, 593 (8th Cir. 2010).

limitation in interacting with others. *Id*. Cole argues the ALJ erred because the RFC did not specifically quote these Step Three findings.[9]

The ALJ did cite to Cole's anxiety in public and the risk that she may react ineffectively to the stress of customer service and/or criticism from supervisors. (Tr. at 24-25). But he countered that with her ability to play games and watch TV and perform other daily activities. *Id*. The ALJ also noted that Cole followed the proceedings at the hearing and stayed on point when questioned. *Id*. And she responded positively to conservative treatment.

Giving due consideration to the evidence that Cole had some difficulty with interpersonal interactions, the ALJ assigned an RFC limiting Cole to no more than occasional interaction with co-workers and supervisors and no contact with the public. (Tr. at 25). This was supported by the record. The ALJ properly appraised the evidence and created an RFC that incorporated Cole's credible limitations.[10]

---

[9] *See Chismarich v. Berryhill*, 888 F.3d 978, 980-981 (8th Cir. 2018) (as long as the ALJ's decision harmonizes the Steps, each Step does not need to mirror the preceding Steps).

[10] While Cole argues that the ALJ erred in not relying on any particular medical opinion in creating the RFC, he did address all medical opinions and, furthermore, there is no requirement that an RFC finding be supported by a specific medical opinion. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (affirming RFC without medical opinion evidence); *Perks v Astrue*, 687 F.3d 1086, 1092-1093 (8th Cir. 2012). Also, despite Cole's contention, I find that the hypotheticals posed to the VE at Step Five likewise incorporated all of Cole's credible limitations. (Tr. at 59-63).

### 3. Medical opinions[11]

Cole's final argument is that the ALJ did not properly consider the opinion of Cole's counselor, Dustin Timmons. Mr. Timmons opined that Coles has marked limitations in remembering work-like instructions, maintaining attention for two-hour segments, getting along with co-workers or peers without exhibiting behavioral extremes, and responding appropriately to criticism from supervisors. (Tr. at 1196-1200). The ALJ found this opinion unpersuasive, noting that Mr. Timmons only met Cole three days before he gave the opinion. (Tr. at 29). The ALJ also observed that the opinion was on a short checkbox form (with no citation to medical records).[12] The ALJ also cited to treatment notes showing full orientation and normal flow of thoughts. *Id*.

The ALJ found Mr. Timmons' opinion to be inconsistent with state-agency opinion evidence that Cole would have only mild-to-moderate mental function

---

[11] The ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). However, "[t]he first two factors—supportability and consistency—are the most important." *Id.* (citing 20 C.F.R. § 404.1520c(a)). Pursuant to the regulations, "treating physicians are [no longer] entitled to special deference." *Austin v. Kijakazi,* 52 F.4th 723, 728 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)).

[12] It should be noted that short checkbox opinions may properly be discounted, if they are conclusory or unsupported by relevant medical evidence. *See Thomas v. Berryhill*, 881 F.3d 672, 675-676 (8th Cir. 2018).

limitations, including only a moderate limitation in the ability to interact with others. (Tr. at 28, 67, 77). The ALJ met in the middle: he assigned an RFC with fewer limitations than Mr. Timmons imposed but more limitations than the state-agency experts suggested. This showed a balanced comparison, incorporating the evidence in the record as a whole. Therefore, Cole's final argument is unavailing.

## V. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The finding that Cole was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 24th day of November, 2026.

UNITED STATES MAGISTRATE JUDGE